UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| HIEP T. NGO, | ) | CASE NO.   C05-1841-RSM |
| | ) | (CR 04-0006-RSM) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner proceeds in this Court with counsel on a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The undersigned previously issued a Report and Recommendation finding all three claims pursued by petitioner to be without merit and recommending dismissal. (Dkt. 12.) United States District Judge Ricardo S. Martinez adopted the Report and Recommendation with respect to petitioner's first two claims, but rejected the recommendation as to petitioner's third claim. (Dkt. 14.) In his third claim, petitioner alleged ineffective assistance of counsel in failing to comply with a request to file a direct appeal. ( *See* Dkt. 1 at 4.) Noting a conflict in the evidence as to this claim, the Court directed respondent to either demand an evidentiary hearing

REPORT AND RECOMMENDATION
PAGE -1

01  or to concede for the purpose of economy the truth of petitioner's claim, allowing the court to
02  vacate and re-enter the judgment of conviction so that petitioner could file a notice of appeal.

03  Upon receiving respondent's request for an evidentiary hearing, the Court assigned
04  petitioner counsel and set a hearing. The Court held the evidentiary hearing on March 1, 2007,
05  taking testimony from petitioner, his former counsel, Eric Lindell, and petitioner's witness Van
06  Ngoc Tang. (Dkt. 28.) Now, having considered the testimony at the hearing, the documents
07  submitted in advance of and following the hearing (Dkts. 23-24, 26-27), and the balance of the
08  record, the undersigned recommends that petitioner's third ground for relief be denied and this
09  matter dismissed.

10  In his motion to vacate, petitioner alleged he "requested counsel to file a notice of appeal
11  immediately after sentencing[,]" and that, despite indicating he would do so, Lindell never filed
12  the appeal. (Dkt. 1, Mem. in Supp't at 5-6.) He also indicated he later contacted Lindell
13  regarding the status of the appeal, but Lindell refused to speak to him. (*Id*. at 6.) In a declaration,
14  Lindell asserted he had "no record and no recollection of [petitioner] having ever requested that
15  [he] or anyone in [his] office file a Notice of Appeal on [petitioner's] behalf." (Dkt. 7, ¶ 14.)

16  At the evidentiary hearing, petitioner directly contradicted the assertion made in his
17  petition by conceding he never spoke with Lindell after sentencing. (Dkt. 28 at 11-12, 19-20.)
18  Instead, he asserted he asked Lindell to meet with him at the conclusion of the sentencing hearing
19  and Lindell failed to do so, that his later calls to Lindell's office were not accepted or returned,
20  that he asked another inmate to tell Lindell he wanted to meet with him, but that Lindell ignored
21  the request, and that he asked Tang to communicate to Lindell his desire to appeal. (*Id*. at 11-15.)

22  Tang admitted that she laundered the money petitioner accrued from the criminal activities

leading to his conviction and utilized some of those proceeds for personal purchases, and acknowledged paying for Lindell's attorney's fees. (*Id*. at 24-27.) Tang testified that she contacted Lindell approximately two to three weeks after the sentencing hearing, that the subject of an appeal arose during the call, but that she could not say whether she specifically requested that Lindell file an appeal. (*Id*. at 23-24, 29-30.)

Lindell testified that neither petitioner, nor Tang asked him to file an appeal. (*Id*. at 4-7, 35-38.) He had no recollection of speaking to petitioner or of petitioner, either personally or through another person, trying to contact him following sentencing. (*Id*.) Lindell testified that he would have remembered had petitioner asked him to file an appeal given the facts of the case, including the fact that petitioner had been looking at serving a long sentence, that the plea agreement was quite favorable given the facts of the case, and that he was able to secure a significant downward departure, some twenty months less than the sentence advocated by the government. (*Id*. at 6, 34-35.) He further testified that he would have remembered had Tang asked him to file an appeal because it would have been such an unusual circumstance, noting that, in seventeen years of practice, he had never been asked by a third party to file an appeal on a client's behalf. (*Id*. at 36.) Lindell recalled that the only time he would have gone over petitioner's right to appeal would have been prior to the entry of the plea. (*Id*. at 4-7.)

Given petitioner's concession that he did not ask Lindell to file an appeal, his third ground for relief as presented in his petition should be denied. However, in the evidentiary hearing, petitioner advanced a new argument; that is, that Lindell provided ineffective assistance of counsel in failing to consult adequately with him concerning his right to appeal. As argued by respondent, because petitioner failed to articulate this claim in his petition, it is questionable whether it is

REPORT AND RECOMMENDATION
PAGE -3

properly before the Court. However, for the reasons discussed below, even if the Court were to entertain this claim, petitioner's "duty to consult" argument fails.

Courts evaluate claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under that test, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 687-94.

With respect to the first prong of the *Strickland* test, a constitutional duty to consult regarding an appeal exists "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). "For the 'would want to appeal' branch, a 'highly relevant factor' in determining whether a rational defendant would want to appeal is whether the plea was entered pursuant to a plea agreement, whether the defendant had been sentenced in accord with his agreement, and whether the plea agreement waived or reserved the right to appeal." *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1196 (9th Cir. 2004) (quoting *Flores-Ortega*, 528 U.S. at 480).

To satisfy the second *Strickland* prong and "show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. Petitioner need not show "meritorious grounds for appeal, but 'evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a

desire to appeal will often be highly relevant in making' the determination whether there is a reasonable probability that the defendant would have appealed." *Sandoval-Lopez*, 409 F.3d at 1196 (quoting *Flores-Ortega*, 528 U.S. at 485).

In this case, there was no reason to think a rational defendant would want to appeal. Petitioner entered into a plea pursuant to a plea agreement, in which he plead guilty to a single charge and avoided two charges involving far greater penalties. (Dkt. 12 at 1-2 (petitioner plead only to third count of possession of cocaine base with intent to distribute related to 11.7 grams of crack cocaine, not with intent to distribute counts related to one kilogram of cocaine and 65 grams of crack cocaine)). He also received a significant downward departure in sentencing. *Id*. (presentence report called for a sentencing range between 92 and 115 months, but court granted unopposed motion for downward departure based on criminal history and sentenced petitioner to 70 months imprisonment.)) Petitioner posits that, because *United States v. Booker*, 543 U.S. 220 (2005), was pending at the time of his sentencing and called the then mandatory nature of the sentencing guidelines into question, there was a reasonable probability someone in his position would have wanted to appeal. However, as noted by defendant, petitioner received a sentence well below the applicable sentencing guidelines range. Moreover, the mere possibility of an appeal based on *Booker* is overshadowed by the above-described factors arguing against the reasonableness of an appeal in this case. Petitioner fails to otherwise demonstrate the existence of any non-frivolous grounds for appeal.

Nor does petitioner present credible evidence either that he reasonably demonstrated to his counsel his interest in appealing or that he would have actually appealed absent Lindell's failure to consult. Lindell contradicted petitioner's testimony that he sought to, but was unable to speak

to Lindell after sentencing. (Dkt. 28 at 4-7, 35-38.) Unlike Lindell, petitioner's credibility was called into question at the hearing. He conceded that, in contrast to the assertion in his petition, he never spoke to Lindell following sentencing. (*Id*. at 11-12, 19-20.) Testimony at the hearing also confirmed other false assertions made in petitioner's submissions to this Court, including his alleged limited consultation with Lindell prior to sentencing and his claim that he did not speak, read, or understand English. (*Id*. at 17-20, 32-35.) Additionally, Tang's testimony was of little to no assistance to petitioner. That is, even if she had at a minimum expressed petitioner's interest in filing an appeal, Tang admittedly spoke to Lindell after the ten-day deadline for filing an appeal. (*Id*. at 23-24, 29-30.)

The circumstances in this case do not support the existence of a constitutional duty to consult. Nor do they support the contention that, but for counsel's deficient failure to consult with him about an appeal, petitioner would have timely appealed. Accordingly, even if the Court were to consider petitioner's belated duty to consult claim, such a claim should be denied.

For the reasons set forth above, the Court recommends that, whether considered as presented in the petition or in the evidentiary hearing, petitioner's third ground for relief should be DENIED and this matter dismissed. A proposed Order of Dismissal accompanies this Report and Recommendation.

DATED this <u>6th</u> day of April, 2007.

Mary Alice Theiler
United States Magistrate Judge